FILED

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT FOR THE DISCTRICT OF COLUMBIA

CIVIL DIVISION

|  |  |
|---|---|
| Lenir Richardson, Plaintiff ) | CASE NUMBER  1:05CV01093 |
| P.O.Box # 2632 ) | JUDGE: James Robertson |
| Merrifield, VA 22116 ) | DECK TYPE: Civil Rights (non-employment) |
| Phone: 703-200-1841 ) | DATE STAMP: 06/02/2005 |
| ) | DISABILITY ACT |
| ) | |
| ) | Civil Rights U.S. Const. I and XIV Amend. |
| Versus ) | Deprivation of rights Title 42,U.S.C. 1983 |
| ) | Interfere in civil rights Title 42 U.S.C. 1985 |
| Washington College of Law ) | Conspiracy Title 18 U.S.C. 241 |
| 4801 Massachusetts Ave, N.W. ) | Depravation of rights Title 18 U.S.C. 242 |
| Washington, D.C. 20016 ) | Equal Rights Title 42 Sections 1981 |
| ) | Negotiation for Equitable Allocation of |
| American University) Oil Resources | |
| 4400 Massachusetts Ave. N.W. ) | Discrimination based on nationality |
| Washington, D.C. 10016-8001 ) | Unequal treatment |
| ) | Sexual Assault |
| ) | Const. I and XIV amendments. |
| Noel Salina ) | |
| 4801 Massachusetts Ave, N.W. ) | |
| Washington, D.C. 20016 ) | |
| ) | |
| Supreme Court of the United States ) | |
| Washington, D.C. 20543 ) | |

COMPLAINT

COMES NOW, the plaintiff, Lenir Richardson, acting as pro-se litigant for this case, pursuant to

Federal Codes under: unequal treatment, discrimination, violation of civil rights and sexual

assault, and intimidation under freedom of speech [official or public speech...] to make/state this

RECEIVED

MAY 04 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

complaint against the defendants Washington College of Law, American University and Officer Fisher, for the following:

## COMPLAINT AGAINST UNEQUAL TREATMENT

1. Plaintiff, Lenir Richardson, begin to visit Washington College of Law in 2003, as a researcher, occasionally. The plaintiff developed a good relationship with the Librarians and other staff at the Washington College of Law, until about September 2004, and in January 2005, Security Officers of American University [Danny and Rina Sifri] and Supreme Court of United States [Officers: Martin Fisher], managed to destroy that relationship/friendship plaintiff established at the Washington College of Law. *See exhibits: "A", "A-1" and "E"*

2. In 2004, plaintiff devoted more time at the Washington College of Law, in the evenings and on weekends, for the same reasons, legal research, and be safe on weekends. *Too many Lobo mal in Washington, area.*

3. The plaintiff, Lenir Richardson, developed friendship with Allen Hengst, circulation manager, who assisted plaintiff on several occasions, without any problems. Mr. Allen Hengst, has always been politely and available to assist plaintiff, Lenir Richardson, as needed, and now plaintiff is restricted from visiting Allen Hangst or the Law Library, because of false allegations against the plaintiff, including allegations of mental health issues. As this Honorable Court knows that intimidation or harassment based upon disability or based upon the person national origin is against the law. The act of these defendants are made based upon their own paranoia and false pretenses to interfere in civil rights, to include some of the them have shown anger feelings towards the plaintiff, Lenir Richardson.

4. At one occasion a staff by the name, [Scot] approached plaintiff at the printer and screamed at plaintiff, *"You are not welcomed, here!"* he stated. *"We will not allow you to use this Library!"* He said as well. Plaintiff contacted Allen Hengst about the issue and was told not to worry about Scot's complaint.

5. Plaintiff, Lenir Richardson, called a security guard to stop Scot's verbal abuse. Mr. Noel Salina assisted with the event in regarding Scot's complaint with evidence that indeed plaintiff was authorized to use the Law Library, as other patron are. This staff appeared very angry at plaintiff, and the anger is related about plaintiff been able to read books of laws, as Codes of Virginia and Federal Civil Procedure Manual and other publications available for the public.

6. Plaintiff, Lenir Richardson, once again consulted the Librarians about the services, and was told and authorized to continue using the Law Library services without any interruptions.

7. In June 2004, the Washington College of Law changed the pass codes for all the computers. Plaintiff was not informed of the new Code[s], as other patron were [Daniel Vovak, Anthony Brook, Elizabeth, Mike Tabung a Civil Rights leader and many other friends and users of that Law Library] with who plaintiff developed friendship with them.

8. On June 24, 2004, plaintiff was advised to speak with Ms. Billie Jo Kaufman about the issue of not being able to use the computer. She did and Ms. Kaufman refused assistance to the plaintiff, and as a result of Ms. Kaufman's refusal to allow plaintiff to use the computer, she was unable to produce/finished a project in accordance to the Rules and

Regulations of Federal Laws. This is the thing about the system once a person asks for help or tell [government or authorities...] as some may describes it, the person in need of help becomes vulnerable and victimized by false judgments, discrimination, hatred and prejudice, as plaintiff was by these defendants. *See Exhibit: "B"*

9. Plaintiff, Lenir Richardson, at that time was working on deadline for the court[s], and asked permission for the school to allow her to complete the work. Her request was denied, and was been told that the school has no interest to assist [...a Brazilian], to include plaintiff was told that the Constitution is been written to protect certainly people, not everyone. One attorney who works at the circulation desk refused to provide plaintiff with information about what constitute a Federal question? *See exhibit: "B-1". It is indeed sad to acknowledge that the Laws over protects a group of people and under protects others, even with small issues such as a question about State or Federal questions. How many people may have encountered similar situation like plaintiff did?* Based upon facts plaintiff has been a victim of school discriminations in the past and her civil rights have been violated because of the American Schooling violence, hatred, discrimination, hatred and prejudice. State Courts have approved school and lower law enforcement that kind of treatment against plaintiff based upon discrimination and based upon lower authorities intentions to conspire civil rights. Now plaintiff, asks this Honorable Court to pay attention to facts in reference lower authorities abuse of power and ignorance in regarding law and public safety.

10. In December 2004, Allen Hengst advised plaintiff about the final exams and how that would again affected plaintiff's work. Allen Hengst suggested plaintiff to speak with Adeen Postar, who denied plaintiff's request and told plaintiff is not welcomed to the Washington College of Law because she is from Brasil and that plaintiff is not permitted to use any of the books at the Law Library, as the Federal Civil Rules Regulations Books

[Manuals...]. How sad! Books area published to be read while Ms. Postar wants them to be rotting in shelves. Plaintiff believes that an informed society or community is important on the issues of crime and how to reduce of crimes.

11. At one occasion in December 2004, plaintiff visited Washington College of Law to speak with Allen Hengst, and while she waited for his return from lunch, Adeen Postar advised Noel Saline to escort plaintiff out of the Law Library and out of the building. Ms. Postar is very arrogant and shows that by using her title to prevent a patron from using the Law Library based upon discrimination and hatred because plaintiff is from Brasil and Irene's mother. It is possible that the defendant Adeen Postar has not much to do in life? While the Judiciary system is supported by litigations and cases opinion, Ms. Postar thinks that an ordinary person like plaintiff should not have equal rights to read, express opinion, and change government false publications. Why?

12. Noel Saline approached plaintiff and state: " Lenir you have to go, they do not want you here, because you a Brazilian!". Here is the thing about this complaint, the defendant Adeen Postar used a security guard to harm plaintiff, because the security guard is a strong man and he uses gun, or the school authorizes him to use physical force to harm the public.

13. Plaintiff, Lenir Richardson, at the same day visited with Professor Andrew Pike and Kathy Prather. At that time, plaintiff was advised by Professor Andrew Pike she can use the Law Library at any time she needs. *See Exhibits: "C and C-1"*

14. Plaintiff, Lenir Richardson, contacted her Congressman, the Honorable John Warner about the issue of being scorted out the Washington College of Law and asked him about

the policy for public access to that school, and to the Law Library. *See attached exhibit: "D and D-1"*

15. In January 2005, plaintiff returned to Washington College of Law under advisement from the Honorable John Warner's office, that the Library is accessible to the public, more specifically to researchers, to complete some of her work and to visit with her friends, Elizabeth, Allen, Anthony and Pariz Karim-Panahi, and others. For the defendants information I do have friends at the Washington College of Law who loves me, and believe in my civil rights, and now I want to ask this Honorable Court to stop the defendants from this discriminations and false allegations against me preventing me from equal treatement.

16. On February 7, 2005, plaintiff visited Washington College of Law, and while she was seating at the computer researching, a Security Officer [Venice Corporation], approached plaintiff and asked her to get out! *See exhibit: "E"*

17. The security officer followed plaintiff on way out and at the stairway he pushed plaintiff. He was very angry. At the elevator, he stopped in front of plaintiff denying plaintiff's access to the elevator. He stated: "You are not welcomed here!" He also stated that he was instructed by Khalid Khalid from the Financial Office to stop plaintiff's access to the Library. On occasions plaintiff had an opportunity to speak with the security officer at the front desk. It is fare to mention here the issues of public safety in regarding security officers who are trained by mafia to apply violence against certainly people in the community, as plaintiff was a victim in hands of these defendants. Or it is possible that these security officers take actions from their own decisions?

*18.* Plaintiff, Lenir Richardson, in fear of been again harmed by a security officer of the American University, or Washington College of Law, called 911 for help. *See exhibit: "E"*

COMPLAINT AGAINST CONSPIRACY TO INTERFER CIVIL RIGHTS

*19.* On January 13, 2005, plaintiff was invited to attend a conversation on the Relevance of Foreign Law for American Constitutional Adjudication with the Honorable Antonin Scalia and Honorable Stephen Breyer, Justices for the United States Supreme Court, which was held on the 6th floor. Plaintiff was authorized to enter room 602 or something like that which is a room for the public access, where the session was transmitted via TV monitor. See exhibit: *" F, F-1 and F-2".*

20. The first problem in reference plaintiff's attendance to Foreign Law for American Constitution Adjudication Session began at the time plaintiff needed to use the Lounge. A security guard approached plaintiff [Lawrence] and wants to know where she is going? It appears that the officer who stopped plaintiff was Officer Lawrence. A toll African American citizen. Gash, plaintiff cannot even use the bathroom without been harassed by these guys? Sure plaintiff is cute, so then what is the problem here?

21. The second issue in reference plaintiff's visit to the Conversation Relevance of Foreign Law it was at the reception room. A security officer from the American University [Danis] denied plaintiff's access to the reception, alleging she is not welcomed to the reception, and forced plaintiff out of the room. Que probeza?

22. Plaintiff, Lenir Richardson, did not intend to eat any of the food at the reception; she only needs a soda because she was very thirst. Being denied the right to enter the reception room, plaintiff directly herself to the vendor's machine to purchase a Pepsi. At that location plaintiff, Lenir Richardson was approached by an Officer by the name Lawrence and by a United States Supreme Court officer by the name, Martin Fisher, who denied plaintiff's access to the vendor's machine. Interesting these guys not only are ignorant about civil rights, they are also ignorant about business, right? These officer are making false information about plaintiff's behavior as an intent to interfere in civil rights, and plaintiff requests this Honorable Court to stop them from another injury upon plaintiff, physically or mentally.

23. The Supreme Court of United States, Officer, Martin Fisher, pulled plaintiff in a TV room and asked students to get out! Because he wants to speak with plaintiff alone, surrounded by other security guards. Appear that these security guards have some interesting feelings about the plaintiff, Lenir Richardson?

24. The Supreme Court of the United States, Officer Martin Fisher asked plaintiff were she would feel more comfortable to talk about the restrain order he was placing before her? Plaintiff, Lenir Richardson suggested a table near by the window. Both plaintiff and the Officer Martin Fisher, seat at table near by the window to go over the complaint made against plaintiff. Officer Martin Fisher alleged been instructed from his supervisor[s...] to prevent plaintiff from attending the reception alleging plaintiff was not allowed to enter the room because she from Brazil, Irene's' mother and because he believes plaintiff intended to ask question[s...] to the Justice[s...], and that concerned him. Officer Martin Fisher took more than a half hour of plaintiff's time chatting about Brazilian history and how to find a girlfriend in Brazil. The question for this paragraph is about public equal rights? And aren't speech made by the justice[s] outside the Supreme Court Room's of

the United States a public event? Officer Martin Fisher is fishing something here and using plaintiff as genie pig and these actions needs to stop. Or if Officer Martin Fisher wants any assistance from plaintiff, he needs to pay for the service, because plaintiff will not provide any more information to Officer Fisher voluntary or by intimidation.

25. Officer Fisher stated that he was advised to pull plaintiff out of the event and he presented his false accusations alleging plaintiff was trying to speak with Justice Scalia to ask question about her child, Irene Louise Willemann Richardson. He made false allegations about his actions but refuses to provide the name of the accuser.

26. Plaintiff, Lenir Richardosn, contacted Officer Martin Fisher sometime after January 13, 2005 via telephone, and Officer Martin Fisher stated that his supervisors are the ones requested him to cause an action restricting plaintiff from entering Washington College of Law, but refused to give the names of the complainer or the of the accuser. In this case obviously the acts of Officer Martin Fisher, is made with the intent to conspire civil rights and to falsely take an action against plaintiff's civil rights to access the Washington College of Law Library. Officer Martin Fisher and Officer Lawrence advised other Officers to escort plaintiff downstairs and prevent plaintiff from entering the Law Library. A security Officer employed by Venece by the name, Al instructed the Offices that plaintiff is entitled to enter the Library and that the Officers have no grounds for the harassment upon the plaintiff, Lenir Richardson. The question now is who from the Supreme Court of United States Police Department instructed Officer Fisher to block plaintiff from equal rights to participate of the event held on January 13, 2005? And how the Supreme Court of United States have jurisdiction over Washington College of Law? Or it is just another fiasco from the security team side in regarding security false pretenses to conspire?

27. The minute plaintiff got out of room 602 to the reception room, she noticed Officer Martin Fisher speaking with a security Officer from the American University by the name, Rina Sifri, and plaintiff overheard both saying, "Let's make problem to her!" *See exhibit: "E". Officer Rino Siffri, appeared at the Washington College of Law on February 7, 2005, and she forced the plaintiff, Lenir Richardson to take picture to be published against plaintiff's civil rights to enter Washington College of Law Library, and to to publish plaintiff's picture to form a false opinion about plaintiff in the communities of the Washington area based upon racism because plaintiff is from Brasil and because plaintiff is Irene's mother.*

28. It is indeed sad to acknowledge that an Education Institution has so much prejudice and ignorance against minority as the plaintiff is, and for placing a restrain order against the plaintiff as a form to show power and to interfere in plaintiff's ability to complete her work for the custody of her child, Irene Louise Willemann Richardson. The plaintiff, Lenir Richardson, hopes that her child will never be in need to enter the American University or the Washington College of Law for any reason, because indirectly she is already been discriminated in those institutions. Plaintiff feels that the conducts of these defendants are abusive, illegal and in violations of civil rights and public safety.

29. Plaintiff, Lenir Richardson, is been restricted to access the Law Library and read Law books because she is too smart and because the Education System don't want the public to know what Laws are available, and what the legal system do wrong. It is very difficult to develop a conversation with an American lawyer or students who are brain-washed against new immigrants as plaintiff is.

30. Plaintiff, Lenir Richardson was forced to allow the security guard "Sifri" take picture of her to publish at American College of Law and at the American University. Plaintiff

opposes either Institution to publish her picture, because the picture is taking to publish based upon false information and false allegations and with the intent to make defamatory publications against plaintiff, to include the publication of plaintiff's pictures would be in violation of civil rights, and further the publication of plaintiff's picture by these defendants are with the intent to produce more violence against plaintiff in the communities, or by other Education Institution.

### COMPLAINT AGAINST PRONOGRAPHY IN THE LIBRARY

1. Plaintiff, Lenir Richardson, usually used a computer in the corner of the computer Lab, the second raw before the printer Gossamer. On or about September 2004 through November 2004 that computer was downloaded with pornographic pictures of a man by the name Brian. *See Exhibits: "G, G-1, D-2 and G-3"*

2. The publisher of the pornographic material published this material to be open every time, a user would open windows, making it impossible for the user to hide the material in front of others.

3. Plaintiff, Lenir Richardson, believes that the pornographic materials were displayed at the terminal she uses for the purpose of sexual harassment, because Washington College of Law appears to approve aggressive man on the issue of immoral free sexuality. It is in my life experience and most since 1998 that violence is usually generated by the very ones who claim to be clean citizens in our societies, and the schools are in support of that violence which affects that life of the young people who can not protect themselves from pornographic, vulgar and outburst material published in reference sexuality and its freedoms. "Any honest and descent human being who believes in freedom of expression and issues concerns public safety would keep their private lives private with respect and dignity to his or her own body and feelings."

4. Plaintiff, Lenir Richardson, did contact Office of Human Rights for help in regarding the custody of her child, Irene Louise Willemann Richardson without any success, and was advised to contact the Women and Law Clinic who also did refused assistance to plaintiff in either case, the custody or violations of civil rights. Interesting how can one person alone be so neglected as the plaintiff is in every aspect of law, as to legal assistance, and access to school to complete her work?

## COMPLAINT AGAINST SEXUAL ASSUALT

1. On or about September, 2004, plaintiff was working at the computer at the Washington College of Law, a security officer by the name Noel Salina approached plaintiff and offered if she wants to drink some coffee.

2. Plaintiff agreed to take a break for coffee, and met with the security officer at the front desk, as she was instructed.

3. The security officer [Noel Salina] took plaintiff to the 6th floor for a cup of coffee, in a small room, which appears to be a maintenance room. Very duty and unorganized.

4. Plaintiff was shocked by the ugly appearance of that room, and as she seat down on a recliner chair, her legs went up in the air, and the security officer laughs about it.

5. The security officer [Noel Salina] put the coffee on and while they [Security Officer and Lenir] waited for the coffee to be made. The security officer turned one the TV on Spanish Channel.

6. After security officer finished his coffee, he began to harass plaintiff, by trying to kiss her, and putting his hand on her breasts.

7. Plaintiff asked him to stop and that she wants to leave the room. The security officer [Noel Salina] did not allow plaintiff to get out of the room and stood in front of her, and pushed her inside of the bathroom.

8. The security officer [Noel Salina] at that night was wearing a gun. He continued to push plaintiff and putting his hand on her breasts and tried to pull down plaintiff's pants.

9. Plaintiff, asked him to stop but he did not. On the contrary, he was very angry and pushed plaintiff against the wall, again and again!

## CLAIM

Pursuant to Title 42, Chapter 21, Subs chapter 1981, Equal Rights Under the Law:

A) That all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to full the equal benefit of all laws and proceedings for security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains and penalties.

b) Make and enforce contracts, defining as: making, modification, and enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

c) Protection against impairment, which is defined as protections against impairment by non-governmental discrimination and impairment under color of state law, and further to include subchapter 1983, deprivation of rights, and 1985 conspiracy to interfere with civil

rights, the Titles and Laws stated in the caption of this case, the fact plaintiff is a pro-se litigant and Title 18 U.S.C. 241, 242, plus Title 28 U.S.C. Section 1443.6. Including Constitution, I and. XIV amendments.

## RELIEF

WHEREFORE, plaintiff requests this honorable court to enter an order against the defendants: Washington College of Law, American University and Officer Martin Fisher, and Noel Salina on five counts: 1) Unequal treatment, 2) Violations of Civil Rights for refusing access to the Law Library; 3) Conspiracy; 4) sexual assault [mental pain and public embarrassment], 5) discrimination based on race, religion or national origin and 6) intimidation under freedom of speech [official and public speech...] for the amount of $ 2,000.000.00, tow millions dollars. That this Honorable Court upon findings of this complaint enter an order against the defendants, Washington College of Law to authorize plaintiff equal access to Law Library, access to all Law Books, Codes of Virginia, Federal Civil Procedure Manual and other publications available that plaintiff needs for self-studied, enter an order directing Washington College of Law to stop authorizing its staff from causing any injury to plaintiff physically, emotional or in any other manner that would interfere in the well being of plaintiff or her child, Irene Louise Willemann Richardson and an order against Washington College of Law for negligence in regarding security officer harassments and sexual assault, and an order against Officer Martin Fisher preventing him from any harassment against plaintiff or his interference in plaintiff's public affairs, and that Officer Martin Fisher be advised that false information with intent to intimidate or interfere in civil rights is against the law. Officer Martin Fisher is doing something[s] that others have done against plaintiff in the communities of the Washington area to put plaintiff in badly hurt.

Respectfully submitted by the plaintiff:    *Lenir Richardson* /s/

Lenir Richardson, pro-se

CERTIFICATE OF SERVICE

I, Lenir Richardson, the plaintiff and pro-se litigant states that a true and correct copy of this complaint has been mailed to the defendants on the _____ th day of April, 2005, as it follows:

1. Washington College of Law, at 4801 Massachusetts Ave, Washington, D.C. 20016.

2. American University, at 4400 Massac huts Ave, N.W., Washington, D.C. 20016-8001

3. Supreme Court of the United States, Washington, D.C. 20543.

4. Noel Salina, 4801 Massachusetts Ave., N. W. Washington, D.C. 20016. C/o Reception/security desk of the Washington College of Law.

Respectfully submitted by the plaintiff:

*Lenir Richardson.*

Lenir Richardson, pro-se
P.O.Box # 2632
Merrifield, Virginia 22116
Phone: 703-200-1841
E-mail:

LMWR/lmwr-BRUSA